The document below is hereby signed.

Signed: October 16, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JOAN D. MOORE, | ) | Case No. 14-00248 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO REOPEN CASE

An order of dismissal was entered in this case on July 1, 2014, based upon the debtor's failure to pay the filing fee (Dkt. No. 25). In light of the dismissal, on July 31, 2014, the court discharged the trustee and closed the case. More than one year after the dismissal of the case, the debtor has paid the balance due on the filing fee and has filed a *Motion to Reopen Case* (Dkt. No. 31). Invoking 11 U.S.C. § 350(b), the debtor asks that the "case be reopened for the limited purpose of entering the Order of Discharge." The debtor has offered no explanation for her failure timely to pay the filing fee.

Even if the court were to grant the *Motion* and reopen the case administratively under § 350, this case would still stand

dismissed.[1]  *See In re Dorff*, 480 B.R. 919 (Bankr. E.D. Wis. 2012) (distinguishing between the administrative closing of a case and an order of dismissal).  Accordingly, upon the reopening of the case, the debtor would need to obtain an order vacating the dismissal order before the court could enter a discharge order in the case.

Rule 60, made applicable to this proceeding by Fed. R. Bankr. P. 9024, would govern a motion to vacate or reconsider the dismissal order in this case.  Under Rule 60(b),[2] the court may alter or amend a judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . ., misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

---

[1] The court occasionally closes cases without entry of a discharge when the only thing left to be done in the case is the debtor's filing of Form B23 demonstrating completion of a postpetition instructional course concerning personal financial management.  In such cases, the court does not enter a dismissal order but instead simply closes the case.  When the debtor files a motion to reopen under those circumstances, provided the motion is filed within a reasonable period of time after the closing of the case, the court can simply reopen the case, enter the discharge order, and close the case anew.

[2] Rule 60(a) permits courts to amend orders to correct clerical errors and is of no applicability here.

(6) any other reason that justifies relief.

Even if the debtor has a compelling explanation for why she failed timely to pay the fee, Rule 60(c)(1) sets time limits for the filing of Rule 60(b) motions.  Specifically, Rule 60(c)(1) provides that "a Motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2) and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Accordingly, any motion filed under Rule 60(b)(1), (2) or (3) is now untimely because the dismissal order was entered more than one year ago.  I likewise conclude that a motion filed under Rule 60(b)(4), (5) or (6) seeking to vacate the dismissal order in this case could not be considered filed "within a reasonable time."

The dismissal order in this case has been in effect for more than a year, and "[u]nlike an order reopening a bankruptcy case, which does not undo any of the consequences of closing, setting aside an order dismissing a bankruptcy case would have potentially enormous, highly disruptive, and unintended consequences."  *In re Aheong*, 276 B.R. 233, 242 n. 10 (B.A.P. 9th Cir. 2002) (internal quotations and citations omitted).  An order of dismissal in a bankruptcy case ought to have some meaning and offer some certainty with respect to the final disposition of the case.  Although I do, on occasion, vacate dismissal orders if the debtor promptly corrects the deficiency giving rise to the

dismissal, this is not such a case. More than a year has passed, and it is too late to revisit the dismissal order.[3]

This case stands dismissed and the debtor is not entitled to an order vacating the dismissal order. It follows that reopening this case would serve no purpose because the court cannot enter a discharge order in a case that stands dismissed. It is

ORDERED that the *Motion to Reopen* (Dkt. No. 31) is DENIED.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.

---

[3] Rule 1006(b)(2) specifies that the court "may extend the time of any installment, provided the last installment is paid not later than 180 days after filing the petition." The debtor's *Motion to Reopen* in order to pay the balance of the filing fee thus raises the question of whether, notwithstanding Rule 1006(b)(2), the court has the discretion to extend the deadline for paying the fee beyond the 180-day mark. Because I am denying the *Motion* on other grounds, I need not reach this question.